**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

CHRISTIAN DOUGLAS WRIGHT
MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Date Submitted: March 23, 2026
Date Decided: March 30, 2026

Peter B. Ladig, Esquire
Rachel R. Tunney, Esquire
Bayard, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19801

David E. Ross, Esquire
Adam D. Gold, Esquire
Marguerite O'Brien, Esquire
Ross Aronstam & Moritz LLP
Hercules Building
1313 N. Market Street, Suite 1001
Wilmington, DE 19801

Thomas A. Uebler, Esquire
Adam J. Waskie, Esquire
McCollom D'Emilio Smith
  & Uebler LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808

Re: *In re Care One, LLC Advancement Litig.*,
Consol. C.A. No. 2025-1286-CDW

Dear Counsel:

On March 6, 2026, plaintiff Androsky Lugo ("Lugo") moved for confidential treatment of two exhibits to the motion for summary judgment he filed on December 16, 2025 in this consolidated advancement action ("Motion").[1] On March 13, defendant Care One, LLC filed its opposition to the

---

[1] Pl. Androsky Lugo's Mot. for Confidential Treatment ("Mot."), Dkt. 41.

Motion,[2] and on March 18, Lugo filed his reply.[3] Also on March 18, the court issued a minute order noting the public availability of one of the exhibits on a federal court docket monitoring website and asked the parties to file supplemental memoranda addressing the impact this should have on the court's consideration of the motion.[4] The parties filed their supplemental memoranda on March 23,[5] completing briefing on the Motion. I deny the Motion without prejudice.

## I.    BACKGROUND

Briefly stated, the two documents for which Lugo seeks confidential treatment are Exhibits E and H to the Affidavit of Peter B. Ladig filed in support of Lugo's motion for summary judgment.[6] They are the complaint ("Complaint") and the amended complaint (jointly with the Complaint, "New Jersey Pleadings") in *Care One, LLC v. Straus*, Case No. 25-cv-12743-JKS-MAH ("New Jersey Action"), in the United States District Court for the District

---

[2] Def. Care One, LLC's Opp'n to Pl. Androsky Lugo's Mot. for Confidential Treatment ("Opp'n"), Dkt. 43.

[3] Pl. Androsky Lugo's Reply in Supp. of His Mot. for Confidential Treatment, Dkt. 48 ("Reply").

[4] Dkt. 49.

[5] Pl. Androsky Lugo's Suppl. Mem. Regarding His Mot. for Confidential Treatment, Dkt. 53 ("Lugo Suppl."); Def. Care One, LLC's Suppl. Submission in Further Supp. of Opp'n to Pl. Androsky Lugo's Mot. for Confidential Treatment ("Care One Suppl."), Dkt. 54.

[6] Dkt. 22.

of New Jersey ("New Jersey Court"). The New Jersey Action is the underlying proceeding for which Senior Magistrate in Chancery Molina held Lugo and co-plaintiff Elizabeth S. Straus are entitled to advancement from Care One.[7]

The New Jersey Pleadings were not filed under seal in the New Jersey Action.[8] When Lugo filed his complaint in this action on November 6, he attached the New Jersey Pleadings as exhibits and filed them under seal.[9] When he filed his motion for summary judgment on December 16, he included the New Jersey Pleadings as exhibits to the Ladig Affidavit, but did not file them under seal.[10] Lugo says the failure to file the New Jersey Pleadings under seal with the motion for summary judgment was inadvertent.[11] This makes sense, given that Lugo filed the New Jersey Pleadings under seal with his complaint, but Care One doubts the assertion.[12]

---

[7] *See* Tr. of 2-11-2026 Tele. Oral Arg't and Final Rpt. of the Senior Mag. on Cross-Mots. for Summ. J., Dkt. 46 at 93–94. The ruling is on exceptions to Vice Chancellor Cook. *See* Exceptions Reassignment Ltr., Dkt. 48.

[8] *See* Mot. ¶ 8; Lugo Suppl. ¶ 7; *see also* New Jersey Action, Dkts. 1, 19.

[9] Mot. ¶ 1; Reply ¶ 3; *see also Lugo v. Care One, LLC*, C.A. No. 2025-1287-SEM, Dkt. 1, Exs. D, G.

[10] Mot. ¶ 2; Reply ¶ 3.

[11] Mot. ¶ 2; Reply ¶ 3.

[12] Opp'n ¶¶ 2, 12.

According to Lugo, on February 20, 2026, Care One filed a Notice of Dismissal Without Prejudice in the New Jersey Action.[13] At the time, Lugo and his co-party (Straus) had a pending motion to strike certain allegations in the New Jersey Pleadings because, Lugo says, those allegations contained scandalous or impertinent allegations against Lugo regarding criminal charges brought against Lugo in New York and New Jersey, which had been dismissed.[14] Care One's voluntary dismissal of the New Jersey Action apparently terminated the New Jersey Court's consideration of the motion to strike, so Lugo filed a motion to seal asking the New Jersey Court to place the New Jersey Pleadings under seal.[15] The motion to seal has been fully briefed and remains pending.[16]

## II.    ANALYSIS

"The public's right to access judicial records is considered 'fundamental to a democratic state' and 'necessary in the long run so that the public can judge the product of the courts in a given case.'" *Sequoia Presidential Yacht Grp. LLC v. FE P'rs LLC*, 2013 WL 3724946, at *2 (Del. Ch. July 15, 2013) (quoting *Horres v. Chick-fil-A, Inc.*, 2013 WL 1223605, at *1 (Del. Ch. Mar.

---

[13] Mot. ¶ 4.

[14] *Id.*

[15] *Id.* ¶ 5.

[16] Reply ¶ 8; Lugo Suppl. ¶ 7.

27, 2013)). Delaware law presumes "the public has a right of access to all judicial proceedings and court records." *In re Oxbow Carbon LLC*, 2016 WL 7323443, at *1 (Del. Ch. Dec. 15, 2016). Accordingly, our court considers court proceedings—including papers filed on our dockets—to be public unless the court or the Court of Chancery Rules provide otherwise. Ct. Ch. R. 5.1(a).

This heavy presumption in favor of public access means that "only limited types of information qualify for confidential treatment in submissions to the Court." *Sequoia*, 2013 WL 3724946, at *2 (citation omitted). The information must satisfy four criteria: (1) the information must have been maintained confidentially; (2) the information must not be otherwise publicly available; (3) public access to the information will cause particularized harm; and (4) the magnitude of the harm from public access to the information outweighs the public interest in the information. Ct. Ch. R. 5.1(b)(2)(A)–(D). "The party seeking confidential treatment of the record must demonstrate 'good cause' for such treatment." *Sequoia*, 2013 WL 3724946, at *2. The fact that "the information for which a party seeks confidential treatment may be embarrassing or previously undisclosed does not alone warrant confidential treatment." *Id.*

Applying these principles here, I must deny the Motion. Lugo concedes the New Jersey Pleadings are publicly available: "Lugo admits the RICO

Complaints are publicly available (for now)."[17]  Nor can it be seriously disputed

that the New Jersey Pleadings have not, to date, been maintained confidentially.

The New Jersey Pleadings have been publicly available on the docket in the

New Jersey Action since they were filed on July 3 and October 20, 2025.  They

have been downloadable from PACER[18] since then by anyone willing to pay $3

for each document.[19]  And the Complaint is freely and publicly available right

now on the Free Law Project's RECAP Archive,[20] and is also available through

an online service called PacerMonitor.[21]

Lugo has a motion pending in the New Jersey Court to place the New

Jersey Pleadings under seal.[22]  If that motion is successful, the New Jersey

Pleadings will no longer be publicly available from PACER, which may also

---

[17] Lugo Suppl. ¶ 7.

[18] PACER, which stands for Public Access to Court Electronic Records, is the electronic case filing system used the federal courts.  *See* https://pacer.uscourts.gov/.

[19] *See* Frequently Asked Questions, *How Much Does It Cost to Access Documents Using PACER?*, https://pacer.uscourts.gov/ ("Access to case information costs $0.10 per page . . . .  The cost to access a single document is capped at $3.00[.]").  Each of the New Jersey Pleadings is over 30 pages.

[20] The RECAP Archive is a free public repository of millions of federal court documents and dockets.  *See* https://www.courtlistener.com/recap/.  The complaint in the New Jersey Action is available for free download from the RECAP Archive through two sources:  CourtListener (storage.courtlistener.com) and the Internet Archive (archive.org). *See* https://www.courtlistener.com/docket/70702365/care-one-llc-v-straus/.

[21] *See* Lugo Suppl. ¶ 12 n.5.

[22] Mot. ¶ 5; Opp'n ¶¶ 4, 7; Reply ¶ 4.

result in the copies of the Complaint currently available from the RECAP Archive and PacerMonitor being removed from public access,[23] but this is not guaranteed. For present purposes, the critical point is that the New Jersey Pleadings are, definitionally, not "Confidential Information" under Court of Chancery Rule 5.1(b)(2) right now because they are publicly accessible, so Lugo has not established that confidential treatment of the New Jersey Pleadings on this docket is warranted. If that changes—if the court in the New Jersey Action places the New Jersey Pleadings under seal and the New Jersey Pleadings are no longer publicly accessible anywhere else on the internet— Lugo can renew the Motion, and the court will consider it then.

Denying the Motion on these grounds means I need not (and thus will not) decide now if Lugo has satisfied the other two requirements for treating the New Jersey Pleadings as "Confidential Information" under Rule 5.1(b)(2): (1) whether public access to the information in the New Jersey Pleadings will cause particularized harm; and (2) whether the magnitude of the harm from public access to the information in the New Jersey Pleadings outweighs the

---

[23] *See* Lugo Suppl. ¶ 12 (describing the removal process for sealed pleadings from the RECAP Archive and PacerMonitor); Care One Suppl. ¶ 3 (describing the RECAP Archive's removal process).

public interest in that information.[24]  My consideration of those criteria can await a future motion for confidential treatment from Lugo, if one is filed.[25]

### III.  CONCLUSION

Plaintiff Androsky Lugo's Motion for Confidential Treatment is denied without prejudice.  This is a Report under Court of Chancery Rule 144(b)(1). Under Court of Chancery Rule 144(c)(2)(A), exceptions to this Report are stayed pending issuance of a final report in this case.

Very truly yours,

/s/ *Christian Douglas Wright*

Magistrate in Chancery

CDW/slk

---

[24] *See* Mot. ¶ 9; Opp'n ¶¶ 18–22; Reply ¶¶ 11–14; Lugo Suppl. ¶¶ 8–9.

[25] Lugo also argues I must grant the Motion because otherwise the public availability of the New Jersey Pleadings here will "sway the District of New Jersey's decision" on his motion to seal there.  *See* Lugo Suppl. ¶ 13.  Care One does argue the public availability of the New Jersey Pleadings here is a reason the New Jersey Court should deny the motion to seal there.  *See* Opp'n Ex. 2 at 4–5.  But I have no reason to believe the New Jersey Court will be so easily swayed.  The New Jersey Court should have the first opportunity to decide what to do about the New Jersey Pleadings, both as a matter of comity and because Lugo needs to resolve that motion successfully before it can even try to resolve the public availability of the Complaint from the known non-governmental sources.  *See* Lugo Suppl. ¶ 12 ("RECAP generally removes public access to sealed documents upon receipt of a sealing order from the court."), ¶ 12 n.5 ("Pacer[M]onitor will not remove a pleading without a sealing order from the underlying court . . . , which is exactly what Lugo seeks in New Jersey.").